IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                     No. 12 CR 0055 MV

YARIV OHAYON,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Yariv Ohayon's *Amended Motion for Reconsideration of Court's Memorandum Opinion and Order* (Doc. 78). The Court has considered the motion, briefs, the parties' arguments, and the relevant law, and being otherwise fully informed, **FINDS** that the motion shall be **DENIED** for the reasons stated herein.

## BACKGROUND

On December 15, 2011, Defendant was arrested for attempted possession with intent to distribute heroin. On March 22, 2012, he moved to suppress evidence stemming from his arrest. *See* Docs. 50 & 51. The Court held a hearing on Defendant's motions on July 12, 2012, and denied both motions in a written order dated September 19, 2012. Doc. 74. The facts relevant to the Court's analysis in the instant motion are set forth in the "Background" section of the Court's Memorandum Opinion and Order denying Defendant's motions to suppress. *See* Doc. 74 at 1-3. Below, the Court will discuss additional facts and arguments informing its decision on the instant motion.

**APPLICABLE LAW**

The Federal Rules of Criminal Procedure do not expressly recognize a motion to reconsider. *See United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) ("None of the Rules of Criminal Procedure authorizes a generic motion to reconsider; the criminal rules lack a counterpart to the motions authorized by Fed. R. Civ. P. 50(b), 52(b), or 59, though they do authorize some post-trial motions . . . that have features in common with motions under the civil rules."). Nonetheless, when entertaining a motion to reconsider in a criminal case, the Court should ordinarily apply the same standard applicable to such motions in civil cases. *See United States v. Christy*, 810 F. Supp. 2d 1219, 1249-50 (D.N.M. 2011) (collecting cases). The standard applicable to civil cases holds that a motion to reconsider may be granted in the Court's discretion when: "(1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) [granting of the motion] is necessary to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, the parties do not advance newly discovered evidence nor argue any intervening change in the controlling law. Most pertinent to the instant case is the principle that a motion for reconsideration is appropriate "where the court has misapprehended the facts [or] a party's position[.]." *Id.*

**DISCUSSION**

At issue in Defendant's motion to suppress was whether or not DEA agents had probable cause to arrest him. Defendant contends that the Court misapprehended the facts when it found that probable cause supported his arrest. Defendant cites portions of the transcript of the telephone conversation between himself and the CS, as well as portions of the hearing transcript,

2

to argue that agents had no reasonable basis to suspect that he went to Wal-Mart with the intent

of retrieving heroin from the CS.  Rather, Defendant argues that the evidence demonstrates that

his only purpose in meeting the CS at Wal-Mart was to give the CS a jump start.  Defendant

concedes that the CS and the individual he identified as "Yuriv" had "numerous conversations

via text messaging and telephone about taking back some heroin," but argues that the two

individuals "did not specifically agree on a time and place within which to make the exchange.

This is of critical import as Yuriv could have changed his mind after the communications."  Doc.

78 at 9.

Defendant rests his argument on the law regarding the elements of criminal attempt, the

charge at issue in this case.   The relevant case law holds that a defendant "is guilty of attempt if

he intends to commit a crime and takes a substantial step toward the commission of that crime."

*United States v. Cornelio-Pena*, 435 F.3d 1279, 1286 (10th Cir. 2006).

At the outset, it is crucial to highlight the distinction between the evidence necessary to

support a probable cause finding, and that necessary to support a verdict of guilt beyond a

reasonable doubt.  In its September 19, 2012 Memorandum Opinion and Order, the Court simply

found that the Government had presented sufficient evidence to support a finding of probable

cause at the time of the arrest.  This finding has little bearing on the ultimate question of whether

the Government will meet its burden of proving Defendant's guilt at trial.  In his motion for

reconsideration, Defendant attempts to conflate the two inquiries, arguing that "the Court must

be satisfied that there is probable cause" only if the Government has proven the elements of

attempt.  Doc. 78 at 8.  Defendant's assertion misstates the law on probable cause, which is

present when "facts and circumstances within the arresting officer's knowledge and of which

they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested." *Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011). Accordingly, the proper inquiry with respect to Defendant's motion to suppress was whether or not a person of reasonable caution with knowledge of the facts and circumstances leading up to Defendant's arrest would have believed that he was committing the offense of attempted possession with intent to distribute heroin.

In his motion for reconsideration, Defendant makes a compelling presentation of the facts surrounding his arrival at the Wal-Mart parking lot. In summary, he argues that the transcript of the telephone conversations between Defendant and the CS demonstrate that Defendant initially considered meeting the CS to "take the five back" that evening, but then decided to wait until the following day to further discuss the matter. The CS and the law enforcement agents involved then concocted a trap to lure Defendant to the Wal-Mart parking lot that evening: the CS called Defendant and told him his vehicle battery was dead and he needed a jump start. Defendant agreed to meet the CS at Wal-Mart only for the purpose of jump starting his car. According to Defendant, the first time the CS proposed Wal-Mart as a meeting place was in a telephone conversation that took place after the CS and the arresting officers arrived at the Wal-Mart parking lot.

The primary flaw in Defendant's argument is that the Court did not base its decision to deny the motion to suppress solely on this conversation between Defendant and the CS. The Court based its conclusion in large part on the information the CS provided to the arresting officers, as well as the text messages that corroborated this information. *See* Doc. 74 at 6-7

(setting forth description of information provided by CS and highlighting relevant portions of text message exchange between CS and Defendant).  The Court then explained that the recorded phone call only established one component of the probable cause necessary to support Defendant's arrest: "[T]he recorded call to the phone number in question, followed by Defendant's arrival at the Wal-Mart parking lot, satisfies the Government's burden of showing that *the arresting officers had probable cause to believe that Defendant was indeed the person with whom the CS was exchanging messages*."  *Id*. at 9 (emphasis added).  Implicit in this conclusion is the Court's reliance on the substance of the text messages to support its finding that the officers had probable cause to believe Defendant actually *committed the offense*.  Indeed, the Court proceeded to explain in detail the reasons it found the text messages to be so crucial to the probable cause determination.  *See id*. at 9.  The Court's decision not to suppress evidence in this case rested on its evaluation and analysis of all the evidence, and the portions of one single phone call that Defendant highlights do not persuade the Court to change course.

Finally, the Court would agree with the Government that Defendant's new theory as to his purpose in arriving at Wal-Mart is belied by his own hearing testimony, as well as that of Officer Reyes.  Whereas Defendant posits that the CS never proposed meeting at Wal-Mart until he called Defendant from the parking lot, Officer Reyes stated that to the best of his recollection, Defendant and the CS exchanged multiple text messages on the night of the arrest.  These messages would have factored into the decision to send an arrest team of ten to twelve agents to Wal-Mart in anticipation of arresting Defendant.  It is highly improbable that this hefty team of agents arrived at Wal-Mart that evening without any previous indication from Defendant that he intended to meet the CS there.  The possibility that Defendant and the CS had previously

discussed meeting at Wal-Mart becomes even more likely in light of Defendant's testimony wherein he admitted that he told the arresting officers that he went to Wal-Mart to retrieve speakers from the CS.  While the Court certainly did not consider Defendant's post-arrest statements in its analysis of the probable cause calculus, the Court highlights these statements for the purpose of demonstrating that Defendant's new theory stretches the imagination.

## CONCLUSION

It is **HEREBY ORDERED** that Defendant's *Amended Motion for Reconsideration of Court's Memorandum Opinion and Order* (Doc. 78) is **DENIED**.


Dated this 28th day of January, 2013.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**


*Attorney for Plaintiff:*
Nicolas Jon Ganjei

*Attorney for Defendant:*
Erlinda Ocampo Johnson