IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                   No. 12 CR 0055 MV

YARIV OHAYON,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Yariv Ohayon's Motion for an Order Compelling Specific Discovery (Doc. 45). The Court held a hearing on the motion on July 12, 2012. The Court has considered the motion, briefs, the parties' arguments, and the relevant law, and being otherwise fully informed, **FINDS** that the motion shall be **GRANTED IN PART** and **DENIED IN PART** for the reasons stated herein.

## BACKGROUND

On the evening of December 15, 2011, DEA agents executed a search warrant at the apartment of an individual, hereinafter identified as "the confidential source" or "the CS." They seized 669 grams of heroin, a firearm, and $4000 in United States currency, after which the CS agreed to cooperate with agents. The CS told agents that he was planning to return five ounces of the heroin to his source of supply. The CS identified his source of supply as Defendant Yariv Ohayon. The CS showed the agents text message exchanges between himself and Defendant that the CS claimed pertained to the sale of heroin, even though they did not overtly discuss

1

heroin. The CS then agreed to place a recorded call to Defendant, during which they arranged to meet in a Wal-Mart parking lot. The Government alleges that the purpose of this meeting was for the CS to return five ounces of heroin to Defendant that he was unable to sell, due to its poor quality. Agents arrived at the Wal-Mart and arrested Defendant immediately after he exited his vehicle. Defendant and the CS had no contact in the Wal-Mart parking lot.

## DISCUSSION

In the instant motion, Defendant requests various specific items of evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 450 U.S. 150 (1972), as well as Federal Rule of Criminal Procedure 16. Primarily, Defendant argues that due to the unique circumstances of this case – where the information provided by the CS was the exclusive basis for Defendant's arrest – any evidence that goes to the CS's credibility is material to the defense.

The Court has divided the items Defendant requests into three categories: (1) DEA reports concerning the CS; (2) a broader category of evidence pertaining to the CS's criminal case, specifically evidence that inculpates the CS but not Defendant; and (3) unspecified reports and notes produced by agents working on both cases.

## I. Applicable Law

### A. The Due Process Clause

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The Court's holding in *Giglio v. United States*, 405 U.S. 150, 153 (!972), extended this disclosure obligation to evidence that is useful to the defense in

impeaching government witnesses, even if the evidence is not inherently exculpatory. *See also Douglas v. Workman,* 560 F.3d 1156, 1172–73 (10th Cir. 2009) ("[N]o distinction is recognized between evidence that exculpates a defendant and evidence that the defense might have used to impeach the [Government's] witnesses by showing bias and interest.") (quotation omitted).

*Brady* requires disclosure only of evidence that is both favorable to the accused, and "material either to guilt or to punishment." 373 U.S. at 87. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.* (quotation omitted). Under settled Tenth Circuit law, "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *United States v. Fleming,* 19 F.3d 1325, 1331 (10th Cir.), *cert. denied,* 513 U.S. 826 (1994). The Tenth Circuit has further held that:

> If a statement does not contain any expressly exculpatory material, the Government need not produce that statement to the defense. To hold otherwise would impose an insuperable burden on the Government to determine what facially non-exculpatory evidence might possibly be favorable to the accused by inferential reasoning. We are confident that the Supreme Court did not intend the *Brady* holding to sweep so broadly.

*United States v. Comosona*, 848 F.2d 1110, 1115 (10th Cir.1988).

### B. Federal Rule of Criminal Procedure 16

Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;

> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

FED. R. CRIM. P. 16(a)(1)(F). In other words, unless the requested item belongs to the defendant or the Government intends to use it in its case-in-chief, Rule 16 requires disclosure only if it is material to the defense. This is because Rule 16 does not authorize "a blanket request to see the prosecution's file," and a defendant may not use the rule to engage in a "fishing expedition" for potentially useful information. *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988) (citing *Jencks v. United State*s, 353 U.S. 657, 667 (1957)).

## II.     Requested Items of Evidence

Defendant prefaces his request for additional discovery as follows: "Mr. Ohayon submits that the listed material will invariably provide investigative leads as to the defense at trial." Doc. 45 at 6. However, this statement is conclusory and fails to explain how the requested items of evidence will be material to his defense. At the hearing, counsel explained that Defendant is making such sweeping requests for information pertaining to the CS because this is an unusual case in that the CS's allegations form the entire basis for Defendant's charges.

### A.     DEA Reports Pertaining to the CS

Defendant has requested various DEA-7 and DEA-7a reports. A DEA-7 report concerns seized drugs or drug property, whereas a DEA-7a report concerns the acquisition of non-drug property. The Government has agreed to provide all DEA-7 and -7a reports that relate to Defendant, but contends that those reports relating solely to the CS are irrelevant.

This case centers around an alleged relationship between Defendant and the CS, wherein Defendant supposedly supplied weak heroin to the CS, and the CS attempted to return to Defendant five ounces of heroin due to purity issues. Defendant contends that he never supplied

4

or attempted to retrieve heroin from the CS. Therefore, the purity of the heroin seized from the CS will bear upon the CS's credibility. As information the CS provided to law enforcement forms the basis of the charge in this case, the CS's credibility is highly relevant to Defendant's defense. Only after studying the DEA-7 report pertaining to the CS, will the defense be able to assess whether or not the CS's statements regarding the weakness of the heroin were credible. If not, this report will provide valuable impeachment evidence. The Court accordingly concludes that the DEA-7 form pertaining to the CS must be disclosed pursuant to *Giglio*.

With respect to any DEA-7a forms, Defendant has failed to explain how reports recording the seizure and acquisition of the CS's non-drug property are material to his defense. He simply states that non-drug evidence "may yield a lack of evidence of involvement of Yariv Ohayon in a conspiracy to distribute controlled substances." Doc. 45 at 7. The Court finds this explanation to be vague, and will accordingly deny Defendant's motion as to this particular request.

### B.      Inculpatory Evidence as to the CS

As the Court reads Defendant's motion, he is requesting disclosure of evidence that demonstrates the CS's involvement in drug trafficking but that lacks proof of any involvement in such activity on Defendant's part. At the hearing, counsel explained as follows: "[I]f there's such a connection between Mr. Ohayon and this confidential source, . . . and agents were conducting this investigation of this informant, at some point they would have come across Mr. Ohayon prior to the confidential source giving up Mr. Ohayon." Tr. Pt. II at 219:11-15.[1]

---

[1] This Memorandum Opinion and Order cites to the court reporter's unofficial transcript. All page and line citations are subject to change on the official, edited transcript.

While Defendant's argument may have some logic, he is ultimately equating exculpatory evidence with the absence of inculpatory evidence. In this sense, his argument is foreclosed by the Tenth Circuit's decision in *Comosona*. There, the court held that the Government need not produce evidence that "does not contain any expressly exculpatory material," because to hold the Government to such a standard would be akin to requiring it "to determine what facially non-exculpatory evidence might possibly be favorable to the accused by inferential reasoning." *Comosona*, 848 F.2d at 1115. If the requested evidence were to show that the CS engaged in drug transactions with people other than Defendant, this would not exculpate Defendant as to the instant charged offense, notwithstanding the connection the Government has alleged between Defendant and the CS. The fact that an individual buys drugs from one person does not make it more or less likely that he also buys drugs from someone else.

### C. Reports and Notes Concerning the Investigations of Defendant and the CS

The final two items of evidence that Defendant requests are "all reports written by other agents and officers" involved in both criminal investigations, and "all notes and logs written and/or prepared by agents and officers involved in the two investigations." Doc. 45 at 7. This request is overbroad. The Government has already disclosed DEA-7 and -7a reports pertaining to Defendant, and the Court has ordered it to disclose DEA-7 reports concerning the CS. The Government also agreed to disclose lab analyses of the subject five ounces of heroin, the arrest report of the CS, and copies of the CS's post-arrest statements. Without a more specific description as to the nature of Defendant's requested reports, the Court cannot compel their disclosure.

With respect to the request for all notes and logs, Defendant has identified no authority which would support granting such a broad disclosure. In fact, the Tenth Circuit has recognized that it is proper for a law enforcement agency to adopt a practice of destroying handwritten notes once those notes are incorporated into a formal report. *See United States v. Shovea*, 580 F.2d 1382, 1390 (10th Cir. 1978). Absent a showing of bad faith in destroying the notes, Defendant is not entitled to an order compelling the notes' preservation nor their disclosure. *See id*.

### D.     Final Items of Evidence Requested

Finally, prior to the hearing Defendant moved to compel the Government to disclose a receipt seized from his vehicle on the date of his arrest. In addition, he made a general request for "copies of reports and toll data relating to the telephones of [the CS]." Doc. 45 at 7. As to the receipt, the Government responds that it does not intend to introduce it at trial and it is accordingly irrelevant. Because the Court has no additional information about the contents of the receipt, the Court will deny Defendant's motion without prejudice as to the receipt. With respect to the telephone call data, the Court notes that cellular phone records were provided to the defense on the day of the hearing. The Government redacted the CS's text messages that were irrelevant to this case. The Court will accordingly deny Defendant's motion without prejudice as to the requested cellular phone records. If Defendant has any further basis to request either of these items, he may file a second motion to compel which sets forth an explanation as to these items' materiality.

### CONCLUSION

It is **HEREBY ORDERED** that the Defendant's Motion for an Order Compelling Specific Discovery (Doc. 45) is **GRANTED IN PART** and **DENIED IN PART**.

The Government is **ORDERED** to disclose to Defendant any and all DEA-7 forms pertaining to the CS.  Defendant's Motion is **DENIED** with respect to all other requests for evidence.

Dated this 3rd day of April, 2013.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*
Nicolas Jon Ganjei

*Attorney for Defendant:*
Erlinda Ocampo Johnson